**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Food Services of America Incorporated, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Paul Carrington; Elba Rubio, et al.,<br><br>Defendants. | No. CV-12-00175-PHX-GMS<br><br>**ORDER** |

Pending before this Court are the following motions: (1) Motion for Judgment on the Pleadings filed by Defendants Paul Carrington and Elba Rubio ("Defendants") (Doc. 32), (2) Motion to Exclude Matters Outside of the Pleadings in Defendant's Motion for Judgment on the Pleadings filed by Plaintiff Food Services of America Inc. ("FSA") (Doc. 37), and (3) FSA's Motion for Order to Show Cause Why Defendants Should Not be Held in Contempt. (Doc. 43). The motions are fully briefed. For the reasons set forth below, the Court grants in part and denies in part Defendants' Motion for Judgment on the Pleadings, grants FSA's Motion to Exclude Matters Outside of the Pleadings, and grants FSA's Motion for Order to Show Cause.

**I.     Background**

FSA is a national foodservice distributor, serving customers in 15 states from nine regional distribution centers. (Doc. 1 at 4). FSA invests resources to develop and maintain information, methods, and techniques related to appropriate client pricing, customer preferences, client needs, and effective and appropriate route lists for sales

employees. (*Id.* at 4-5). Such FSA confidential information is not generally known in the public domain and FSA has in place policies and procedures designed to ensure that such information remains confidential. (*Id.* at 5). FSA services its customers and business needs through an employee network that includes employees titled Supplier Information Specialist ("SIS"). *Id.* SISs have access to FSA confidential information. (*Id.* at 5, 7-8). As a condition of employment, SISs are required to sign a confidentiality agreement. (*Id.* at 8). Authorization to access FSA confidential information ends upon employment termination. (*Id.* at 9). Additionally, SISs' duties include creating good will for FSA through personal contacts and business relationships with suppliers and customers. (*Id.* at 8).

In 2008, Defendant Carrington began his employment with FSA as a SIS. (*Id.* at 6). Defendant Rubio also began her employment with FSA in 2008, and she was employed as a SIS at the time FSA terminated her employment. (*Id.*). Upon commencement of their employment, FSA advised Defendants of the nature of the information being provided to them, and Defendants both signed confidentiality agreements. (*Id.* at 6-8).

On March 4, 2011, FSA discharged Defendant Rubio for gross misconduct. (*Id.*). On March 5, 2011, Defendant Carrington entered a FSA worksite during a time that he was not scheduled to work. While there, he used a FSA provided computer to gain access to and transfer over 300 emails, some of which contained FSA confidential information, to his personal email address, and to Defendant Rubio. (*Id.*). Thereafter, on March 7, 2011, FSA discharged Defendant Carrington for gross misconduct. (*Id.* at 10).

On March 8, 2011, FSA sent Defendants letters demanding the return of all FSA confidential information in their possession. (*Id.*) FSA's subsequent investigation revealed that in February 2011, Defendant Carrington used a FSA computer to gain access to and transfer FSA confidential information, to his personal address. (*Id.*).

Thereafter, Defendant Carrington began working for a FSA competitor as a Pricing Analyst. (*Id.* at 11). Defendant Rubio took an employment position in which she

could use FSA secret information to her new employer's competitive advantage. (*Id.*).

FSA's complaint alleges the following six claims: (1) violation of the Computer Fraud and Abuse Act ("CFAA"); (2) violation of the Arizona Trade Secrets Act; (3) violation of the Arizona Anti-Racketeering Statute; (4) breach of fiduciary duty; (5) conversion; and (6) unjust enrichment.

## II. Discussion

### A. Legal Standard for Judgment on the Pleadings / Conversion to Motion for Summary Judgment

"Judgment on the pleadings is proper when, taking all allegations in the pleadings as true and construed in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." *Living Designs, Inc. v. E.I. Dupond de Nemours & Co.*, 431 F. 3d 353, 360 (9th Cir. 2005); *see also Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (same). In other words, a motion for judgment on the pleadings is evaluated under the same standards as a motion to dismiss for failure to state a claim, and dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitled the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995).

In support of their motion for judgment on the pleadings, Defendants have presented evidence outside the pleadings. (Doc. 33, Ex. A-Q). Such information can be considered only if the motion is converted by the Court to a motion for summary judgment. If it were to do so, the Court must give both parties an opportunity to present all material pertinent to such a motion. Fed. R. Civ. P. 12(d).

In light of the ongoing discovery disputes between the parties (Docs. 43, 48) and the Case Management Order setting December 28, 2012, as the deadline for completion of fact discovery (Doc. 30 at 2), the Court, in the exercise of its discretion, will not convert Defendants' Rule 12(c) motion to a motion for summary judgment. *See Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) ("Summary judgment is generally disfavored where relevant evidence remains to be discovered."). Accordingly, the Court

grants FSA's motion to exclude matters outside of the pleadings without prejudice to their submission in a properly filed motion for summary judgment. Nevertheless, the Defendants' motion is not uniquely based on the excluded materials. Plaintiff's complaint plainly alleges that SISs have access to FSA confidential information. (Doc. 1 at 5, 7-8). And that, as a condition of employment, SISs are required to sign a confidentiality agreement. (*Id.* at 8).

### 1. Violation of CFAA

The CFAA prohibits accessing a protected computer without authorization or in excess of authorization granted. 18 U.S.C. § 1030(a). The CFAA defines "exceeds authorized access" as "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter." 18 U.S.C. § 1030(e)(6). In *United States v. Nosal*, the Ninth Circuit narrowly interpreted this provision in holding that "'exceeds authorized access' in the CFAA is limited to violations of restrictions on access to information, and not restrictions on its use." 676 F.3d 854, 863-64 (9th Cir. 2012). The defendant in *Nosal* convinced his former colleagues to use their log-in credentials to download information from their employer's confidential computer database, and then to transfer the information to him. *Id.* at 856. The government indicted the defendant on twenty counts, including violations of the CFAA for aiding and abetting his former colleagues in "exceeding their authorized access" with intent to defraud. *Id.* at 856. Defendant filed a motion to dismiss the CFAA counts arguing that the CFAA targets only hackers and not individuals who access a computer with authorization but then misuse information they obtain by means of such access. *Id.* The district court dismissed the counts. *Id.* In affirming, the Ninth Circuit noted that the language of the statute does not refer to a person that misuses data he or she is authorized to access, but rather to someone who uses a computer to obtain information that person is not authorized to access. *Id.* at 863. Therefore, to make a viable claim under the CFAA, a plaintiff must allege that a defendant either had no authorized access whatsoever to the protected computers or that instead a defendant only

had access to certain data or files but notwithstanding that limited access, he or she accessed unauthorized information.

In this case, FSA has not alleged that at the time Defendant Carrington used a FSA computer to send confidential and proprietary information to his personal email account, he did not have authorization to access that information. Whether Defendant's *use* of such information for personal reasons after his employment had ceased constitutes misappropriation or conversion is not at issue under the CFAA claim. Accordingly, under the Ninth Circuit's interpretation of "exceeds authorized access" Defendants are entitled to judgment on the pleadings and the CFAA claim is dismissed.

### 2. Violation of Arizona's Uniform Trade Secrets Act

Arizona has adopted a version of the Uniform Trade Secrets Act ("AUTSA") under which plaintiffs may recover damages for misappropriation of a trade secret. A.R.S. § 44-401—07. Under Arizona law, misappropriation consists of either:

> (a) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means.
>
> (b) Disclosure or use of a trade secret of another without express or implied consent by a person who either:
>
>> (i) Used improper means to acquire knowledge of the trade secret.
>>
>> (ii) At the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was derived from or through a person who had utilized improper means to acquire it, was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use or was derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.

A.R.S. § 44–401(2).

Additionally, "'improper means' includes theft, bribery, misrepresentation, breach or inducement of a duty to maintain secrecy or espionage through electronic or other means." A.R.S. § 44–401(1).

Defendants argue FSA's complaint fails to establish that there has been a wrongful use or disclosure of its confidential and proprietary information. (Doc. 37 at 18). Plaintiff, however, need not "establish" anything in its complaint. It must merely make allegations with sufficient detail to make its claims plausible. FSA alleges that "Defendants willfully and maliciously misappropriated FSA's Trade Secret and Confidential Proprietary Information, and have and will continue to violate their confidentiality obligations to FSA." (Doc. 1, ¶ 66). FSA specifically alleges "Carrington shared that Trade Secret and Confidential Proprietary Information with Rubio so that they would gain advantages that would make them more valuable to . . . other companies in competition with FSA," (*Id.*, ¶ 49), and that Defendants have each accepted new employment positions with FSA competitors. (*Id.*, ¶¶ 40, 42). FSA's allegations are sufficient to give plausibility to the claims that Defendant Rubio acquired the FSA secret information from Defendant Carrington with reason to know Defendant Carrington acquired the information by improper means. Both Defendants signed FSA confidentiality agreements (*Id.*, ¶ 24), and as a result, Defendant Rubio was on notice that Defendant Carrington was obligated to maintain the confidentiality of the information and not to disclose it to her, a former FSA employee. Therefore, the Court denies the motion for judgment on the pleadings as to the AUTSA claim.

### 3. Conversion, Breach of Fiduciary Duty, and Unjust Enrichment

In addition to its AUTSA claim, the Plaintiff also asserts state law claims for violation of the Arizona Anti-Racketeering Statute, breach of fiduciary duty, conversion, and unjust enrichment. The Defendant asserts a number of external facts to argue that these additional claims should be dismissed. Because the Court declines to convert Plaintiff's Motion for Judgment on the Pleadings into a motion for summary judgment, it declines to take into account, at least at this point, Defendants' arguments that rely on

factual assertions that are external to the pleadings. The Motion for Judgment on the Pleadings as to the remaining claims in Plaintiff's complaint is, therefore, denied without prejudice. Nevertheless, for purposes of streamlining the ongoing discovery and focusing the parties on the issues that remain, the Court notes for the parties benefit that the AUTSA expressly "displaces conflicting tort, restitutionary and other laws of this state providing civil remedies for misappropriation of a trade secret." A.R.S. § 44-407. "This Court and the majority of courts that have ruled on this issue hold that the AUTSA "preempts all common law tort claims based on misappropriation of information, whether or not it meets the statutory definition of a trade secret.'" *Universal Engraving, Inc. v. Metal Magic, Inc.* CV-08-1944-PHX-GMS, 2012 WL 4358942, at *2 (D. Ariz. 2012) (quoting *Firetrace USA, LLC v. Jesclard*, 800 F. Supp. 2d 1042, 1049-52 (D. Ariz. 2010). As a consequence of asserting an AUTSA claim, FSA is not entitled to bring any non-AUTSA claims based on a theory of misappropriation of confidential information, including claims based on state statute such as Arizona's anti-racketeering law.

It appears to the court that FSA bases its claims for racketeering, breach of fiduciary duty, conversion and unjust enrichment on Defendants alleged misappropriation of FSA secret information.[1] (Doc. 1, ¶¶ 88, 91, 96). FSA has failed to plead allegations showing that these tort claims are based on actions other than misappropriation of information and therefore, at some point, FSA will likely be obliged to elect whether it

---

[1] FSA's racketeering claim alleges "Defendants' misappropriation, retention, and use of FSA's Trade Secret and Confidential Proprietary Information constitutes theft" and that "Defendants' unauthorized and unlawful use of FSA's Trade Secret and Confidential Proprietary Information without disclosing such use to, and concealing it from, FSA constitutes a scheme or artifice to defraud . . . ." (Doc. 1, ¶¶ 73-74). FSA's breach of fiduciary duty claim alleges "Defendants violated their common law fiduciary duty and duty of loyalty . . . in that, they knowingly, willfully, and maliciously misappropriated FSA's Trade Secret and Confidential Proprietary Information." (*Id.*, ¶ 88). FSA's conversion claim alleges "Defendants have conspired to convert, and have actually converted, FSA's property to their own use by misappropriating . . . FSA's Trade Secret and Confidential Proprietary Information." (*Id.*, ¶ 91). FSA's unjust enrichment claim alleges "Defendants have been enriched by their illegal misappropriation of FSA's Trade Secret and Confidential Proprietary Information." (*Id.*, ¶ 96).

wishes to pursue its AUTSA claims, or its other state-law claims based on the misappropriation of trade secrets.

### B.     Legal Standard for Motion to Show Cause

FSA's motion for order to show cause (Doc. 43) seeks an order from this Court to require Defendants to show cause why they should not be held in contempt for violating the Court's Amended Consent Order ("Order").  (Amended Consent Order Feb. 6, 2012 Order, Doc. 16).  "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

The Order provided that "all documents or electronically stored records containing information in the foregoing categories, and all copies thereof, currently in the possession, custody, or control of the Defendants shall be turned over to the Plaintiff within 48 hours of the issuance of this Order, along with a sworn attestation signed by the Defendants confirming that they have surrendered all such documents and electronically stored information . . . ."  (Doc. 16 at 3).  Pursuant to the terms of the Order, on February 12, 2012, Defendants provided Declarations attesting that they had "no electronically stored documents contain confidential information in their possession, custody or control", that they are "not aware of any other documents containing confidential information, beyond those [] provided to the EEOC and NLRB", and that to the best of their "knowledge, information and belief, no other such documents exist anywhere or in any form."  (Doc. 43-1, Ex. A at 2-5).

On August 28, 2012, Defendants' counsel emailed FSA's counsel "30 or so documents from the thumbdrive, which you probably have not seen before."  (Doc. 43-1, Ex. D at 13).  Defendants' counsel had previously stated that the thumb drive at issue only contained documents Defendants provided to the NLRB.  (Doc. 43-1, Ex. C at 10.  The emails provide clear and convincing evidence that Defendants did not turn over all electronic documents containing confidential information in their possession.  In response to FSA's motion, Defendants argue that they substantially complied with the Order and

that said "relatively minor technical infraction" (Doc. 45 at 5) is most likely "the result of a miscommunication between counsel and Defendants." (*Id.* at 6). Defendants' response fails entirely to comprehend the serious nature of violating a court order. Accordingly, the Court grants FSA's motion to show cause and thereby directs Defendants to show cause why they should not be held in contempt for violating the Court's February 6, 2012, Amended Consent Order. (Doc. 16).

**IT IS HEREBY ORDERED:**

1. The Motion for Judgment on the Pleadings (Doc. 32) is **GRANTED IN PART AND DENIED IN PART**.

2. The Motion to Exclude Matters Outside the Pleadings (Doc. 37) is **GRANTED**.

3. The Motion for Order to Show Cause (Doc. 43) is **GRANTED**. Defendants shall file a Response by **November 26, 2012**. Plaintiff's Reply shall be due **December 3, 2012**.

4. An Order to Show Cause Hearing is set for **December 5, 2012 at 9:00 a.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.

Dated this 8th day of November, 2012.

_____
G. Murray Snow
United States District Judge