**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Food Services of America Incorporated, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Paul Carrington; Elba Rubio, et al.,<br><br>Defendants. | No. CV-12-175-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Partial Judgment on the Pleadings on Counts Three through Six. (Doc. 72.) For the reasons stated below, Defendants' motion is granted.

## BACKGROUND

This case involves the alleged misappropriation of trade secrets and confidential information by former employees. Plaintiff Food Services of America ("FSA") is a national foodservice distributor and maintains confidential information related to client pricing and preferences, and effective route lists for sales employees. (Doc. 1 at 4–5.) In 2008, Defendants Carrington and Rubio began their employment with FSA and were granted access to FSA confidential information. (*Id.* at 5-8.) Upon commencement of their employment, FSA advised Defendants of the confidential nature of the information provided to them, and Defendants both signed confidentiality agreements. (*Id.* at 6–8.)

On March 4, 2011, FSA discharged Defendant Rubio for gross misconduct. (*Id.*) On March 5, 2011, Defendant Carrington used an FSA computer to transfer hundreds of

emails containing FSA confidential information to his personal email address and to Defendant Rubio. (*Id.*) Two days later FSA discharged Defendant Carrington for gross misconduct. (*Id.* at 10.)

On March 8, 2011, FSA sent Defendants letters demanding the return of all FSA confidential information in their possession. (*Id.*) FSA's subsequent investigation revealed that in February 2011, Defendant Carrington had also transferred FSA confidential information to his personal address. (*Id.*) Thereafter, both Defendants began working in positions in which they could use FSA information to their new employers' competitive advantage. (*Id.* at 11.)

FSA filed this action on January 25, 2012, alleging the following six claims: (1) violation of the Computer Fraud and Abuse Act ("CFAA"); (2) violation of the Arizona Trade Secrets Act ("AUTSA"); (3) violation of the Arizona Anti–Racketeering Statute; (4) breach of fiduciary duty; (5) conversion; and (6) unjust enrichment. On August 7, 2012, Defendants filed a motion for judgment on the pleadings. The Court granted the motion as to the CFAA claim but denied it as to the remaining claims. In its Order, the Court stated that "[a]s a consequence of asserting an AUTSA claim, FSA is not entitled to bring any non-AUTSA claims based on a theory of misappropriation of confidential information." (Doc. 57 at 7-8.) The Court noted, without holding, that FSA appears to base its state law claims on that theory. (*Id.*)

**DISCUSSION**

**I.  LEGAL STANDARD**

The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion. *Caffaso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 n. 4 (9th Cir. 2011). When analyzing a Rule 12(c) motion, the court must accept the nonmovant's allegations as true and construe factual allegations in the complaint in the light most favorable to the nonmovant. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule

12(c) motion the court must treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). "Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." *Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*, 644 F.3d 934, 937 n.1 (9th Cir. 2011). Dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995).

## II.   AUTSA PREEMPTION

The AUTSA expressly "displaces conflicting tort, restitutionary and other laws of this state that provide civil remedies for misappropriation of trade secrets." A.R.S. § 44–407(A). However, contractual and criminal remedies are excepted from preemption. *Id.* § 44–407(B). AUTSA further "preempts all common law tort claims based on misappropriation of information, whether or not it meets the statutory definition of a trade secret." *Universal Engraving, Inc. v. Metal Magic, Inc.*, CV-08-1944-PHX-GMS, 2012 WL 4358942, *2 (D. Ariz. Sept. 21, 2012) (citing *Firetrace USA, LLC v. Jesclard*, 800 F. Supp. 2d 1042, 1049-50 (D. Ariz. 2010)). That is also the majority interpretation of an identical preemption provision in the Uniform Trade Secrets Act ("UTSA"), after which the AUTSA is modeled. *See Firetrace*, 800 F. Supp. 2d 1047-48 (compiling cases with such holdings); *Hauck Mfg. v. Astec Industries, Inc.*, 375 F. Supp. 2d 649, 654 (E.D. Tenn. 2004). Furthermore, the purpose of the AUTSA is to create uniform standards for liability for misappropriation of confidential information under a single tort action and to eliminate other causes of action founded on similar allegations. *Universal Engraving, Inc.*, 2012 WL 4358942, at *2 (citing *id.* at 1048). That purpose would be undermined if Plaintiff "could circumvent the AUTSA by 'dressing up' misappropriation claims as common-law torts." *Id.*

Because Plaintiff's anti-racketeering claim is a private cause of action for criminal acts, Plaintiff contends that it is saved by the preemption carve-out for "criminal

remedies." A.R.S. § 44-407(B)(3). However, Plaintiff's claim is a *civil* claim for civil remedies and thus does not fall under that exception. Plaintiff also contends that the anti-racketeering claim is based on the "continuing pattern of racketeering activity" and not on the misappropriation of confidential information. (*Id.*) Notwithstanding that characterization, Plaintiff's allegation that Defendants perpetrated a scheme to defraud is based upon alleged misappropriation of confidential information. Doc. 1 ¶¶ 73–74; *see Hauck Mfg.*, 375 F. Supp. 2d at 661 (holding that a civil conspiracy claim requiring an additional element of a "common design" is still based upon misappropriation and is therefore preempted by the UTSA). The anti-racketeering claim is therefore preempted by the AUTSA.

Plaintiff argues that it should be allowed to plead the common law tort claims as alternative theories for recovery because there is a disputed factual issue which affects the viability of its claims. (Doc. 86 at 3-4.) Plaintiff asserts in its Response, for the first time, that its claims are based on contractual nondisclosure covenants in the confidentiality agreements that the Defendants signed. (*Id.* at 2-3.) Defendants dispute that they assumed, by contract, obligations not to disclose confidential information. (Doc. 17 ¶ 24.) Plaintiff contends that if Defendants did assume those obligations, then Plaintiff's claims would fall under the "contract remedies" exception to the preemption clause. A.R.S. § 44–407(B). Hence, any ruling on these common law claims is allegedly premature until that disputed factual issue is resolved. (Doc. 86 at 5.)

Plaintiff, however, has not pled breach of contract claims and does not seek contractual remedies. Therefore, the existence of contractual obligations does not affect the preemption of Plaintiff's claims. Preemption and dismissal of the racketeering, breach of fiduciary duty, conversion, and unjust enrichment claims is proper at this stage of the proceedings.

/ / /

/ / /

/ / /

All of Plaintiff's state law claims are based on the misappropriation of confidential information and are thus preempted.[1] (Doc. 1 ¶¶ 88, 91, 96)

### III. ARIZONA CONSTITUTION ANTI-ABROGATION CLAUSE

Plaintiff argues that if the AUTSA is interpreted as preempting claims based on the misappropriation of non-trade secret information, then the Act violates the anti-abrogation clause of the Arizona Constitution, Ariz. Const. art. XVIII, § 6. Plaintiff will be left without remedy if its claims are preempted because the AUTSA only provides relief for misappropriation of information rising to the level of trade secrets. (Doc. 86 at 9, 13.) The anti-abrogation clause provides that "[t]he right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation." Ariz. Const. art. XVIII, § 6. To be protected by the anti-abrogation clause, the cause of action must have either been recognized at common law when the Arizona Constitution was established in 1912, or have evolved from common law antecedents. *Firetrace*, 800 F. Supp. 2d at 1049 (citing *Cronin v. Sheldon*, 195 Ariz. 531, 539, 991 P.2d 231, 239 (1999)); *Hazine v. Montgomery Elevator Co.*, 176 Ariz. 340, 348, 861 P.2d 625, 633 (1993) (holding that the anti-abrogation clause "prevents the legislature from abrogating a cause of action to recover damages for injuries that existed at common law.").

Plaintiff contends the claims for breach of fiduciary duty, conversion and unjust enrichment should not be abrogated by preemption because they were recognized at

---

[1] FSA's racketeering claim alleges "Defendants' misappropriation, retention, and use of FSA's Trade Secret and Confidential Proprietary Information constitutes theft" and that "Defendants' unauthorized and unlawful use of FSA's Trade Secret and Confidential Proprietary Information without disclosing such use to, and concealing it from, FSA constitutes a scheme or artifice to defraud . . . ." (Doc. 1 ¶¶ 73–74). FSA's breach of fiduciary duty claim alleges "Defendants violated their common law fiduciary duty and duty of loyalty . . . in that, they knowingly, willfully, and maliciously misappropriated FSA's Trade Secret and Confidential Proprietary Information." (Id. ¶ 88). FSA's conversion claim alleges "Defendants have conspired to convert, and have actually converted, FSA's property to their own use by misappropriating . . . FSA's Trade Secret and Confidential Proprietary Information." (Id. ¶ 91). FSA's unjust enrichment claim alleges "Defendants have been enriched by their illegal misappropriation of FSA's Trade Secret and Confidential Proprietary Information." (Id. ¶ 96).

common law in 1912. (Doc. 86 at 16-17.) However, the AUTSA only preempts those claims in so far as they are *based on* the misappropriation of confidential information. *See Romero v. Sw. Ambulance*, 211 Ariz. 200, 205, 119 P.3d 467, 472 (Ct. App. 2005) ("The legislature may permissibly regulate a cause of action without abrogating it, as long as reasonable alternatives permit a claimant to bring the action."). Preemption does not prevent Plaintiff from bringing those claims on other bases.

To establish that a cause of action for the misappropriation of information evolved from common law, Plaintiff cites to several early trade secrets cases in Massachusetts and Pennsylvania. (Doc. 86 at 9-11); *see Peabody v. Norfolk*, 98 Mass. 452, 458 (1868) (holding that a person "who invents or discovers, and keeps secret, a process of manufacture" will be protected against its misappropriation); *Am. Stay Co. v. Delaney*, 211 Mass. 229, 231 (1912) (holding that "if the proprietor . . . invents . . . and keeps secret, processes of manufacture," the court will give relief for an employee's authorized disclosure); *Fralich v. Despar*, 165 Pa. 24 (1894) (case involving an employee divulging a trade secret used in the manufacture of greases). But citing early trade secrets jurisprudence from those states does not establish that a cause of action for misappropriation of information evolved from that jurisprudence in Arizona. Moreover, "this Court has held that misappropriation of information is not a claim that was recognized at common law, and thus is not protected by [the anti-abrogation clause]." *Universal Engraving, Inc.*, 2012 WL 4358942, at *2 (citing *Firetrace,* 800 F.Supp.2d at 1049). Thus, Plaintiff fails to establish that the AUTSA's preemption clause violates the anti-abrogation clause of the Arizona Constitution.

## CONCLUSION

Plaintiff's common law tort claims are preempted by the AUTSA because they are based on the misappropriation of confidential information. The anti-abrogation clause of the Arizona Constitution does not preserve these claims. Plaintiff has not established that a claim for misappropriation of information was recognized at common law when the Arizona Constitution was established or that it evolved from common law antecedents.

1   **IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Judgment on the Pleadings on Counts Three through Six (Doc. 72) is **granted**.

Dated this 4th day of February, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge