WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Food Services of America, Inc., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Paul Carrington; et. al.<br><br>Defendants. | No. CV-12-00175-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Food Services of America, Inc.'s ("FSA") Motion for Reconsideration. (Doc. 97.) For the reasons discussed below, Plaintiff's Motion is denied.

## BACKGROUND

FSA alleges that Defendants Carrington and Rubio misappropriated confidential information during their tenure at FSA and now work in positions where they could use that information to their new employers' competitive advantage. (Doc. 1.) FSA filed this action on January 25, 2012, alleging the following six claims: (1) violation of the Computer Fraud and Abuse Act ("CFAA"); (2) violation of the Arizona Trade Secrets Act ("AUTSA"); (3) violation of the Arizona Anti-Racketeering Statute; (4) breach of fiduciary duty; (5) conversion; and (6) unjust enrichment. On January 2, 2012,

Defendants filed a Motion for Judgment on the Pleadings on Counts three through six. The Court held that FSA's common law tort claims were based on the misappropriation of information and accordingly preempted by the Arizona Uniform Trade Secrets Act ("AUTSA"). (Doc. 95 at 4.) It further held that those claims were not saved by the anti-abrogation clause of the Arizona Constitution, art. XVIII, § 6. (*Id.* at 6.) FSA moves for reconsideration of the Court's Order.

## DISCUSSION

### I. Legal Standard

Under Rule 59(e), a motion for reconsideration may be granted only on one of four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

### II. Analysis

#### A. AUTSA Preemption and Misappropriation of Trade Secrets

FSA requests the Court to reconsider its holding that FSA's common law tort claims of racketeering, breach of fiduciary duty, conversion, and unjust enrichment are preempted by the AUTSA to the extent that they are based on the misappropriation of trade secrets. (*See* Doc. 95 at 3-5.) As the Court stated in its Order, the AUTSA expressly "displaces conflicting tort, restitutionary and other laws of this state that provide civil

remedies for misappropriation of trade secrets." A.R.S. § 44–407(A). The Court held, and FSA does not dispute, that its common law claims are based in part on the misappropriation of trade secrets. (Doc. 95 at 5); *See Ramirez v. Health Partners of S. Ariz.*, 193 Ariz. 325, 331-32, 972 P.2d 658, 664-65 (Ct. App. 1998) ("In order to analyze plaintiffs' abrogation argument, we must first determine the nature and basis of their cause of action and then evaluate the [statute's] effect on it.") As such, they are "conflicting tort" claims that are displaced by the AUTSA. However, FSA again argues that such AUTSA preemption violates the anti-abrogation clause of the Arizona Constitution, art. XVIII, § 6.[1]

The anti-abrogation clause provides that "[t]he right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation." *Id.* The clause protects the cause of action at issue if it was either recognized at common law when the Arizona Constitution was adopted in 1912, or evolved from common law antecedents. *Dickey ex rel. Dickey v. City of Flagstaff*, 205 Ariz. 1, 3, 66 P.3d 44, 46 (2003) (citing *Cronin v. Sheldon*, 195 Ariz. 531, 539, 991 P.2d 231, 238 (1999)). In its Motion, FSA cites to several cases and authorities outside of Arizona to establish that a claim for the misappropriation of trade secrets was recognized at common law in those jurisdictions. *Shulansky v. Michaels*, 14 Ariz. App. 402, 405, 484 P.2d 14, 17 (1971) ("[The court] may therefore look to decisions from sister states in search of commonlaw rules." (internal citations omitted)); *see, e.g, Peabody v. Norfolk*, 98 Mass. 452, 458 (1868); *Thum Co. v. Tloczynski*, 114 Mich. 149, 157 (1897); Samuel D. Warren and Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 193 (1890). The Court assumed that such an action was recognized when addressing AUTSA preemption in its Order (as opposed to an action for the misappropriation of *non*-trade

---

[1] This argument was raised by FSA in its Response to Plaintiffs' Motion for Partial Summary Judgment, and as such cannot be raised again on a Motion for Reconsideration. LRCiv. 7.2(g). Nevertheless, the Court will briefly address the substance of FSA's argument because FSA argues that its holding presents manifest error.

secret information). (*See* Doc. 95 at 5-6.) However, that is not the end of the inquiry as to whether the AUTSA preempts FSA's claims.

In addressing the issue of statutory preemption, the Arizona Supreme Court "differentiate[s] between abrogation and regulation by determining whether a purported legislative regulation leaves those claiming injury a reasonable possibility of obtaining legal redress." *Boswell v. Phoenix Newspapers, Inc.,* 152 Ariz. 9, 18, 730 P.2d 186, 195 (1986). "The legislature may regulate [a cause of action] so long as it leaves a claimant reasonable alternatives or choices which will enable him or her to bring the action." *Barrio v. San Manuel Div. Hosp.,* 143 Ariz. 101, 106, 692 P.2d 280, 285 (1984) (internal citation omitted).

The AUTSA provides an adequate remedy that FSA may pursue to redress Defendants' alleged wrongs. It protects against the acquisition or disclosure, through improper means, of information that both derives economic value from not being generally known to other persons and is the subject of reasonable efforts to maintain its secrecy. A.R.S. § 44-401. It provides injunctive relief for actual or threatened misappropriation and monetary damages which "may include both the actual loss and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss." *Id.* § 44-402, 403(A). This is substantially the same protection afforded to FSA as that under the common law. *See* Restatement (First) of Torts § 757 (1939). FSA does not establish that pursuing the statutory remedy instead of its common law claims will "deprive [FSA] of the ability to bring the action." *Barrio*, 143 Ariz. at 106. It still has "access to the courts" under the AUTSA to argue that it was harmed by Defendants' alleged misappropriation. *See Nunez v. Prof'l Transit Mgmt. of Tucson, Inc.*, 229 Ariz. 117, 123, 271 P.3d 1104, 1110 (2012) ("Our anti-abrogation jurisprudence normally asks whether a statute unconstitutionally deprives a litigant of access to the courts."). Thus the AUTSA does not abrogate FSA's action but merely regulates it. Preemption is proper.[2]

---

[2] FSA further argues that the Court's Order does not mention the fact that the AUTSA does not include a provision adopted in other states that have enacted the

## B.   Non-Trade Secret Confidential Information

FSA contends that contrary to the Court's ruling, it should be permitted to state common law tort claims for the misappropriation of confidential information that does not rise to the level of trade secrets.[3] The AUTSA would leave FSA without remedy for misappropriation of that information. That result is proper unless it is barred by the anti-abrogation clause. FSA is mistaken that the Court did not address this argument in its previous Order or that it misinterpreted the authorities proffered by FSA.

The Arizona Supreme Court has held that constitutional protection under the anti-abrogation clause "is not limited to those elements and concepts of particular [causes of action] which were defined in our pre-statehood case law." *Hazine v. Montgomery Elevator Co.*, 176 Ariz. 340, 343-44, 861 P.2d 625, 628-29 (1993) (citing *Boswell,* 152 Ariz. at 18). Nevertheless, when considering the issue of statutory preemption, courts have held that certain causes of action are not protected by the anti-abrogation clause because they were not recognized at common law. *See, e.g.*, *Cronin*, 195 Ariz. at 539 (wrongful termination); *Lerner v. DMB Realty, LLC*, _ Ariz. _, 294 P.3d 135, 144-45 (Ct. App. 2012) (negligent failure to disclose); *Goodman v. Samaritan Health Sys.*, 195 Ariz. 502, 508, 990 P.2d 1061, 1067 (Ct. App. 1999) (malicious or negligent peer review).

As stated in the Court's Order, FSA did not establish that an action for the misappropriation of *non*-trade secret information had been recognized at common law when the Arizona Constitution was established, or that it evolved from common law antecedents. (Doc. 95 at 6.) A cause of action must be plainly related to common law antecedents that existed at the time of statehood to have "evolved" from those

---

Uniform Trade Secrets Act ("UTSA"). That provision states that "[t]his act shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this Act among states enacting it." UTSA § 8. However, FSA does not establish that the lack of such language in the AUTSA would bar preemption of FSA's claims based on the misappropriation of confidential information.

[3] It is plausible that the information, methods, and techniques related to client pricing, customer preferences, client needs, and route lists as well as the confidential information contained in the 300 emails allegedly misappropriated by Defendants may not qualify as trade secrets. (*See* Doc. 1 at 4-5, 6-8).

antecedents and to receive protection under the anti-abrogation clause. *See Dickey*, 205 Ariz. at 3, (citing *Cronin,* 195 Ariz. at 539). In *Hazine*, the court held that although Arizona first recognized the tort of strict products liability in the 1960s, the claim was protected because both products liability and the theory of strict liability "were recognized in tort law well before 1912." 176 Ariz. at 344. In fact, the court's reasoning addressed the evolution of the "duty, standard of care, or damages" related to a cause of action existing in 1912 or earlier. *Id. Lerner v. DMB Realty* is instructive in light of FSA's apparent argument that because one cause of action was recognized at common law, and another one addresses a similar harm, the latter should also be protected under the anti-abrogation clause. The court in *Lerner* found unconvincing the plaintiffs' argument that Arizona law had traditionally imposed duties on property sellers to disclose all material facts to a buyer. 294 P.3d at 144-45. Although the court noted that parties in a "special and confidential" relationship owed disclosure duties to one another at common law in 1912, it held that the plaintiffs' claim was not protected because "the basis of the claim—the duty of a seller not in a special relationship with a buyer to inform the buyer of facts unknown to the buyer—is totally foreign to any duty recognized in the common law." *Id.* It concluded that a seller's duty to disclose "is a product of the continuing development of modern business ethics, not the historic common law" and held that the claim was properly dismissed pursuant to a state statute. *Id.* at 145.

The Court stated in its Order that by citing to early trade secrets jurisprudence, "FSA does not establish that a cause of action for misappropriation of information evolved from that jurisprudence . . . ." (Doc. 95 at 6.) The Court "may . . . look to decisions from sister states in search of common [ ] law rules" and to guide its inquiry regarding this issue. *Shulansky v. Michaels*, 14 Ariz. App. 402, 405, 484 P.2d 14, 17 (1971). However, pre-1912 jurisprudence from other states recognizes the protection of information which qualified as *trade secrets* at common law. *See Peabody v. Norfolk*, 98 Mass. 452, 458 (1868) (holding that a person "who invents or discovers, and keeps secret, a process of manufacture" will be protected against its misappropriation); *Am. Stay Co. v.*

- 6 -

*Delaney*, 211 Mass. 229, 231 (1912) (holding that "if the proprietor . . . invents . . . and keeps secret, processes of manufacture," the court will give relief for an employee's authorized disclosure); *Fralich v. Despar*, 165 Pa. 24 (1894) (case involving an employee divulging a trade secret used in the manufacture of greases); *Empire Steam Laundry v. Lozier*, 165 Cal. 95, 100 (1913) ("[T]he only question left in the case is whether the knowledge so acquired by defendant and which he was so using comes fairly within the meaning of trade secrets and communications."). These authorities do not show that there was redress for the misappropriation of confidential information not rising to the level of trade secrets. Further, FSA did not provide authorities establishing that after 1912, such a cause of action evolved from that early trade secrets jurisprudence.[4] Thus the Court does not find error in its holding that FSA's claims are not saved by the anti-abrogation clause.

## CONCLUSION

The Court does not find error in its previous holding that the AUTSA preempts FSA's common law tort claims based on the misappropriation of confidential information and that those claims are not saved by the anti-abrogation clause. Although an action for the misappropriation of trade secrets was recognized at common law and is protected by the anti-abrogation clause, the AUTSA regulates and does not abrogate FSA's claims. Further, FSA has not established that an action for the misappropriation of *non*-trade secret information was recognized at common law in 1912 or evolved from common law antecedents. Thus, the anti-abrogation clause does not save FSA's claims to the extent they are pursued on that basis.

/ / /

/ / /

/ / /

/ / /

---

[4] FSA submits arguments and authorities in its Motion that may possibly have impacted the Court's reasoning. However, the Court will not "rethink what [it] has already thought through—rightly or wrongly." *Rezzonico*, 32 F. Supp. 2d at 1116 (internal citation omitted).

**IT IS THEREFORE ORDERED** that Plaintiff FSA's Motion for Reconsideration (Doc. 97) is **DENIED.**

Dated this 24th day of June, 2013.

*A. Murray Snow*
/G. Murray Snow
United States District Judge