WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Food Services of America Incorporated, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Paul Carrington; Elba Rubio, et al.,<br><br>Defendants. | No. CV-12-00175-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Reconsideration. (Doc. 147.) For the reasons discussed below, Defendants' Motion is denied.

**BACKGROUND**

Plaintiff Food Services of America, Inc. ("FSA") alleges that Defendants Paul Carrington and Elba Rubio misappropriated confidential information during their tenure at FSA and now work in positions where they could use that information to their new employers' competitive advantage. (Doc. 1.) FSA filed this action on January 25, 2012, alleging the following six claims: (1) violation of the Computer Fraud and Abuse Act ("CFAA"); (2) violation of the Arizona Uniform Trade Secrets Act ("AUTSA"); (3) violation of the Arizona Anti-Racketeering Statute; (4) breach of fiduciary duty; (5) conversion; and (6) unjust enrichment.

On April 9, 2013, FSA filed a Motion for Partial Summary Judgment on Liability and Available Remedies. (Doc. 105.) On May 3, 2013, Defendants filed a Motion for

Summary Judgment on Plaintiff's Cause of Action under the AUTSA. (Doc. 109.) On August 23, 2013, the Court issued an order denying in part and granting in part Plaintiff's Motion for Partial Summary Judgment and denying Defendants' Motion for Summary Judgment. (Doc. 144, "August 23 Order.") Defendants move for reconsideration of the Court's Order.

## DISCUSSION

### I. Legal Standard

Under Rule 59(e), a motion for reconsideration may be granted only on one of four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

### II. Analysis

#### A. Existence of Trade Secrets

Defendants first request that the Court reconsider its holding that the information obtained by Defendants includes protectable trade secrets. (Doc. 147 at 2–3.) The AUTSA defines a "trade secret" as information that "(a) [d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use" and "(b) [i]s the subject of efforts that are reasonable under the

circumstances to maintain its secrecy." A.R.S. § 44-401.

Defendants particularly request that the Court reconsider its holding that the information obtained by Defendants had independent economic value and that FSA took sufficient measures to safeguard the information. (*Id.* at 2–7.)

Defendants argue that the Court erred in relying on disputed February e-mails in determining that the information obtained by Defendants had independent economic value. As noted in the August 23 Order, Defendants do not dispute that they transmitted FSA information in e-mails they sent in March 2011. (Doc. 144 at 6–7.) They also do not dispute that this information included manufacturer and UPC codes, brand names, product specifications, product formulae, pricing strategies, rebates, customer contact information, volumes, pricing, and vendor contact information and data. (*Id.*) The Court noted that this information contains elements of common knowledge but, in combination, are not known to other distributors in the industry and thus provide a competitive advantage to FSA. Accordingly, the Court found that the compilation of data provides economic value to FSA. (*Id.* at 7–9.)

The Court has not yet determined an amount of damages sustained by FSA in this matter. Thus, the Court did not rely on any disputed e-mails to calculate such a damages award. Instead, the Court merely determined that some of the information obtained by Defendants constituted trade secrets, and thus that FSA had sustained some damages in the form of remediation efforts. (*Id.*)   In addition, the Court inadvertently referred to a number of disputed February e-mails as undisputed March e-mails. (*Id.* at 7–8.) However, even without these disputed e-mails, the undisputed information regarding the actual March e-mails (*Id.* at 6–7) provided sufficient facts on which to grant summary judgment as to liability for trade secret misappropriation in these circumstances.

Defendants next argue that the Court failed to consider FSA's failure to save or preserve the hard-drive on Defendant Carrington's work computer in determining whether FSA exercised reasonable measures to protect its trade secret information. However, the possibility that FSA failed to follow its computer preservation policy in that

instance is but one fact in the inquiry of whether FSA took reasonable measures to protect their trade secret information. As described in August 23 Order, it is undisputed that FSA took several measures to protect the secrecy of its information. (Doc. 144 at 11–17.) These measures were both reasonable and sufficient.

### B. Proof of Actual Damages

Defendants next assert that the Court erred in denying Defendants' Motion for Summary Judgment because the Court concluded that FSA provided some evidence of damages. (Doc. 147 at 7–9.) As noted in the August 23 Order, FSA substantiated its claim that FSA employees spent over 75 employee hours reviewing the documents that were misappropriated by Defendants, and argues that this expenditure of company resources was directly caused by the misappropriation. (Doc. 144 at 22–23.) While this may not indicate significant damages, FSA at least established that the existence of expenses is a genuine issue of material fact. Thus, the Court did not err in its denial of summary judgment to Defendants.

### CONCLUSION

The Court does not find error in its August 23 Order in finding that the information obtained by Defendants had independent economic value and that FSA took sufficient measures to protect that information. Further, the Court does not find error in its finding that FSA sufficiently established the existence of damages to survive summary judgment on that issue.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration (Doc. 147) is **DENIED.**

Dated this 17th day of October, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge